United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50330
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL DEWAYNE DAVIS;
DERRICK TOMMY ROBINSON,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-25-1

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darrell Dewayne Davis and Derrick Tommy Robinson
(collectively, "the defendants") appeal their convictions and
sentences for conspiracy to possess with intent to distribute at
least fifty grams or more of crack cocaine in violation of 21
U.S.C. §§ 841 and 846. The defendants argue that: (1) the district

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in admitting evidence of drug transactions that took place prior to the dates of the conspiracy alleged in the indictment; (2) the district court committed plain error by allowing the case agent to testify concerning information that he received from an informant; (3) the evidence is insufficient to support the convictions; and (4) the district court erred in sentencing them based upon drug quantities provided by cooperating individuals.

The defendants argue that the district court erred in admitting evidence of acts that occurred outside of the dates specified in the indictment as the dates of the conspiracy. The evidence introduced by the Government established the connection between the witnesses and the defendants and provided the jury with necessary background information about how they met and became involved in drug activities. This evidence constituted admissible intrinsic evidence. *See United States v. Miranda*, 248 F.3d 434, 440-41 (5th Cir.), *cert. denied*, 534 U.S. 980 (2001). Accordingly, the district court did not abuse its discretion in admitting the evidence.

The defendants argue that the district court erred in allowing Officer Reginald Johnson to testify as to what an informant told him in response to the prosecutor's question as to why he began his investigation of the defendants, alleging this testimony constituted inadmissible hearsay. Because the defendants failed to

2

object to this testimony or otherwise preserve the issue below, this court's review is for plain error. *United States v. Morrow*, 177 F.3d 272, 295-96 (5th Cir. 1999). Thus, reversal is appropriate only if the alleged error was obvious, substantial, and, if not corrected, would "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id*. The verdict must be left in "grave doubt" to require reversal due to an improperly admitted statement. *Koteakos v. United States*, 66 S.Ct. 1239, 1248 (1946). Far from calling the verdict into serious question, the testimony of Officer Johnson regarding the tip of the informant that triggered the investigation was likely harmless because there was a mountain of cumulative testimonial and physical evidence establishing the defendants' guilt. Further, the informant's tip concerned activity well before the date on which the charged conspiracy between the defendants began and upon defendants' objection to other testimony related to defendants' activity prior to the conspiracy, the trial court gave a limiting instruction to the jury that such evidence is only for purposes of background. For these reasons, any error in admitting Johnson's statement was negligible and certainly was not so manifestly unjust as to cast serious doubt on the verdict.

The defendants argue that the evidence against them is insufficient to support their convictions. The defendants contend that the evidence was inconsistent and based upon conjecture by two

3

of the Government's main witnesses.  Because the defendants did not renew their motions for judgment of acquittal at the close of all evidence, or in a post-trial motion, review "is limited to determining whether there was a manifest miscarriage of justice." *United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002) (internal quotation and citation omitted).

This court will not disturb the jury's credibility determinations.  *See United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000).  The record in this case contains ample evidence from which the jury could conclude that the defendants were involved in a conspiracy to possess with the intent to distribute at least fifty grams or more of crack cocaine.  Accordingly, the defendants have not demonstrated that the record is devoid of evidence of their guilt and have thus failed to show a manifest miscarriage of justice.  *See McIntosh*, 280 F.3d at 483.

Finally, the defendants argue that the trial court erred in sentencing them based on the drug quantities listed in the PSR because those quantities were based on the unreliable testimony of the Government's two main witnesses.  The defendants contend that this testimony should have been discounted by the district court.

An appellate court defers to the district court's credibility calls made at a sentencing hearing.  *See United States v. Perez*, 218 F.3d 323, 331-32 (5th Cir. 2000).  The defendants did not testify at the sentencing hearing, nor did they present any

evidence to rebut the drug quantities set forth in the PSR. Accordingly, they have not demonstrated that the district court's findings as to drug quantity were "materially untrue." *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

AFFIRMED.